UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MINA BELL, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-00875-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| HARTFORD INSURANCE COMPANY ) | |
| OF THE MIDWEST, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendant Hartford Insurance Company of the Midwest, seeking dismissal of counts two and three of the Plaintiff Mina Bell's Complaint (ECF No. 1-5.) Plaintiff has failed to file a Response to the Motion to Dismiss. For the reasons that follow, the Court **GRANTS** Defendants Motion to Dismiss and counts two and three of Plaintiffs' Complaint are hereby dismissed.

**I.   BACKGROUND**

Plaintiff originally filed this lawsuit in Nevada state court on February 18, 2012, asserting claims for relief for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. (Compl., Exhibit E to Notice of Removal, ECF No. 1-5.) Plaintiffs' Complaint claims arise out of Defendant's alleged refusal to pay Plaintiff as an insured under one of its policies after Plaintiff was involved in an automobile accident. (*Id.* ¶¶ 12-17.) On June 5, 2014, Defendant filed its Notice of Removal (ECF No. 1) removing the case to federal court on the basis of diversity jurisdiction.

On June 5, 2014, Defendant filed its Motion to Dismiss, seeking dismissal of counts two and three of Plaintiff's Complaint relating to the allegations of breach of the covenant of good faith and fair dealing and unjust enrichment. Pursuant to Local Rule 7-2(b) of the Local Rules

of Practice of the United States District Court for the District of Nevada, Plaintiffs had fourteen days after service of the Motion to file a Response. Accordingly, Plaintiffs had until June 19, 2014, to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all.

**II.    DISCUSSION**

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a claim for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiff's failure to timely respond to Defendant's motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Less drastic sanctions available to the Court include dismissal of Plaintiff's claims without prejudice.

The fifth factor also weighs against Plaintiff because it is not clear that these claims

would likely be decided on the merits. For count two, Plaintiff's Complaint fails to allege a "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Specifically, Plaintiff fails to allege more than a conclusory statement regarding the element of knowledge or reckless disregard for the lack of reasonable basis to deny the claim. (Compl. ¶¶ 23-25, ECF No. 1-5); *see Guar. Nat'l Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996) ("Bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct."). For count three, Plaintiff's Complaint alleges facts that an express written contract exists between the parties, which precludes Plaintiff's claim for unjust enrichment. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) ("An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."). Therefore, Plaintiff's unjust enrichment claim must fail, and dismissal of that claim without prejudice would be futile. Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal of count two without prejudice and dismissal of count three with prejudice.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 4) is **GRANTED**. Count two of Plaintiff's Complaint for breach of the covenant of good faith and fair dealing is **DISMISSED without prejudice**. Count three of Plaintiff's Complaint for unjust enrichment is **DISMISSED with prejudice**. Plaintiff has until **July 24, 2014** to file an amended complaint correcting the deficiencies in the Complaint for count two. Failure to file an amended complaint alleging sufficient facts for count two by **July 24, 2014**, shall result in **dismissal** of that claim **with prejudice**.

DATED this 10th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court