**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MINA BELL, | |
| Plaintiff, | 2:14-cv-00875-GMN-VCF |
| vs. | **REPORT AND RECOMMENDATION** |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST, | |
| Defendant. | |

Before the court are Defendant's Motion to Strike (#35) and a Status Report (#36). Although the Status report was filed jointly, it is divided into two separate statements presented separately within the single document.

On February 24, 2015, pursuant to a stipulation of the parties, the court ordered that, "All remaining causes of action set forth in Plaintiff's Complaint shall be resolved through binding arbitration in accordance with the terms of the Arbitration Agreement entered into by the parties."

Four months after entry of this order, Plaintiff's lawyer moved to withdraw (#24), reporting that, "A substantial impasse has been reached between the Firm and Plaintiff regarding how to proceed with this case to the point where effective representation can no longer be accomplished."

On July 7, 2015, the court held a hearing on this and related motions, granted the motion to withdraw and tried to explain to plaintiff and her husband the status of the case. Plaintiff was given two months to find a new attorney, so that she could be represented in this court should she wish to challenge the prior order requiring binding arbitration.

At a status hearing on September 8, 2015, the court again explained to Ms. Bell and her husband why he cannot represent her in this court. She must either represent herself or be represented by an

attorney admitted to practice. The court also ordered Plaintiff and her husband to meet with defense counsel to confer on setting the private binding arbitration, previously ordered by Chief Judge Navarro.

Based on the Joint Status Report (#36) it is clear that, to date, plaintiff has not proceeded in good faith to arbitrate this matter.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED without prejudice to the filing of a new complaint for confirmation of an arbitrator's decision, pursuant to 9 U.S.C. § 9, should an arbitration occur.

IT IS HEREBY ORDERED that Defendant's Motion to Strike (#35) is DENIED as moot.

DATED this 3rd day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE